**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JILL AMMON,**

      **Plaintiff,**

**v.**                                     **Case No.: 8:24-cv-02514**

**RED CANARY, INC., a Foreign
Profit Corporation.**

      **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Red Canary, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, the Federal Rules of Civil Procedure, and Local Rule 1.06, files this Notice of Removal of this civil action from the County Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.  The removal of this action is proper for the reasons set forth below.

## BACKGROUND

On September 25, 2024, Plaintiff, Jill Ammon ("Plaintiff"), filed this civil action in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, styled as *Jill Ammon v. Red Canary, Inc., a Foreign Profit Corporation*, and assigned case number 2024-CA-004911-NC (the "Circuit Court Case").  On October

1, 2024, the Twelfth Judicial Circuit Court entered an Order transferring the Circuit Court Case to the County Court for Sarasota County, Florida, and closing the Circuit Court Case because the Complaint's jurisdictional allegations were not within the Circuit Court's jurisdiction.  On October 2, 2024, Plaintiff filed an Amended Complaint and Demand for Jury Trial ("Amended Complaint") in the County Court for Sarasota County, Florida, styled as *Jill Ammon v. Red Canary, Inc., a Foreign Profit Corporation*, and assigned case number 2024-CC-006497-NC (the "County Court Case").  True and correct copies of all process, pleadings and other papers of every kind on file in the County Court Case are attached as **Composite Exhibit "A"** and incorporated herein by reference.  *See* 28 U.S.C. § 1446.

## TIMELINESS OF REMOVAL

On October 7, 2024, Defendant was served with copies of the Summons and the Amended Complaint (*i.e.*, the initial pleading in the County Court Case).  This notice of removal is timely filed within thirty (30) days from the date of Defendant's receipt of the Summons and the initial pleading in the County Court Case.  *See* 28 U.S.C. § 1446(b).

## FEDERAL QUESTION JURISDICTION

In her Amended Complaint, Plaintiff seeks relief for alleged violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, as amended ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, *et seq.*, as amended ("Title VII").  *See generally* Amended Complaint. Because Plaintiff asserts claims under the ADEA and Title VII, this action is within the original federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Specifically, this Court has jurisdiction under 28 U.S.C. § 1331 because a federal question appears on the face of the Amended Complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Therefore, this action is removable to this Court under 28 U.S.C. § 1441(a).

## JUDICIAL DISTRICT

The County Court for Sarasota County, Florida is located within the United States District Court for the Middle District of Florida, Tampa Division.  Thus, venue is proper in this Court because it is "the district and division embracing the place where the action is pending," 28 U.S.C. § 1441(a), and removal to this Court is proper under 28 U.S.C. § 1446(a).

## FILING OF REMOVAL PAPERS

Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all adverse parties in this action and has filed a copy of the Notice of Filing Notice of Removal with the Clerk of the County Court for Sarasota County, Florida, a copy of which is attached hereto as **Exhibit "B"**.

## CONCLUSION

Removal is appropriate under 28 U.S.C. § 1441(a) because this action is within the original federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331.  This notice of removal is filed within thirty (30) days after Defendant's receipt of the Summons and Amended Complaint.  Accordingly, this action currently pending in the County Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida should be removed to the United States District Court for the Middle District of Florida, Tampa Division, and this Court should assume full jurisdiction of this case as provided by law.

DATED this 28th day of October, 2024.

Respectfully submitted by:

**JACKSON LEWIS P.C.**

*/s/ Eric B. Moody*
Eric B. Moody, Esq.
Florida Bar No.: 103105
eric.moody@jacksonlewis.com
nichole.villa@jacksonlewis.com
tampadocketing@jacksonlewis.com
Chase H. Hale, Esq.
Florida Bar No.: 1026400
chase.hale@jacksonlewis.com
nichole.villa@jacksonlewis.com
tampadocketing@jacksonlewis.com

Wells Fargo Center
100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone:  (813) 512-3210

Facsimile:    (813) 940-7439

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF filing system which will send an electronic notice to counsel of record and was served via U.S. mail and email to: Craig L. Berman, Esq., Berman Law Firm, P.A., 111 Second Ave., N.E., Suite 706, St. Petersburg, FL 33701, craig@bermanlawpa.com.

/s/ Eric B. Moody
Attorney

4862-5055-6910, v. 2

5